UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT BAKER, CYNTHIA LEE BAKER,
and DREAMWORLD, LLC, a Kentucky
Limited Liability Company,

                Plaintiffs,

                                       Case Number 06-10156
v.                                           Honorable David M. Lawson

OGEMAW COUNTY, MICHIGAN,
a Municipal Corporation,

                Defendant.
_____/

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER, AND SCHEDULING PRELIMINARY INJUNCTION HEARING

The plaintiffs, Robert Baker, Cynthia Lee Baker, and Dreamworld, LLC, yesterday morning filed a verified complaint and a motion seeking a temporary restraining order preventing the defendant from enforcing a county ordinance that allegedly requires businesses providing adult entertainment to apply for and obtain a special land use approval. The Court has reviewed the plaintiffs' submissions and finds that the plaintiffs have not made a showing required to obtain *ex parte* relief, although the plaintiffs have persuaded the Court that a hearing on the request for preliminary injunctive relief is appropriate.

I.

The plaintiffs are two individuals and a Kentucky limited liability corporation. According to the pleadings submitted, it appears that plaintiff Dreamworld has leased from the individual plaintiffs a parcel of developed property in Ogemaw County, Michigan. The premises is located at 5743 South M-33 in Alger, Michigan in an area zoned "an Agricultural/Rural Preservation District" under the Ogemaw County Zoning Ordinance. For the past forty-five years, the structure and the

area surrounding it have been used as a gas station and convenience store. The plaintiffs allege that they intend to use the premises to operate a bookstore that will sell, rent, present, and display to the consenting-adult public a variety of sexually explicit, but non-obscene, adult-oriented expressive materials such as books, magazines, films, videos, and DVDs. The plaintiffs do not contend that they are currently engaged in such an operation within County boundaries. Other than the individual plaintiffs' residence, the premises is at least 1000 feet from any church, school, park, or other adult-oriented business.

According to the plaintiffs, several months ago plaintiff Robert Baker contacted Ogemaw County officials and expressed Dreamworld's desire to operate its adult-oriented business within County boundaries. Apparently, officials told Baker that business would be considered an "Adult Use" under the zoning ordinance and therefore would necessitate a "Special Land Use Approval" from the Ogemaw County Planning Commission. Under the Ogemaw County Zoning Ordinance, no zoning district permits "Adult Uses" as of right or as a special land use. Chapter 19 of the ordinance sets forth discretionary criteria for granting a special land use. Under those provisions, all "Adult Uses" are subject to an approval process, which requires, among other things, the submission of a statement of compliance with the character of the surrounding area, public hearings, and a period for comment. The Commission is empowered to deny approvals if applicants fail to comply with applicable provisions of the ordinance.

The plaintiffs contend that this "Special Land Use Approval" is unconstitutional as violative of the First Amendment because it is an unlawful prior restraint on protected, expressive activity; the relevant provisions of the zoning ordinance are impermissibly vague; the ordinance does not

contain procedural due process protections; and the ordinance does not permit "Adult Uses" to locate as a matter of right within the County's jurisdiction.

The plaintiffs allege that they will suffer irreparable harm unless a temporary restraining order is issued because their First Amendment rights will be abridged. They contend that Dreamworld has not opened an adult book and video store because County officials have threatened to enforce the "Special Land Use" provisions of the zoning ordinance.

II.

In their prayer for relief, the plaintiffs request a temporary restraining order, preliminary and permanent injunctions, and a judgment declaring the Ogemaw County Zoning Ordinance unconstitutional on its face and as applied to them specifically. The plaintiffs state that concurrence was sought telephonically from the defendant in the relief requested on January 10, 2006, but was not obtained. There is no other allegation that notice was given or actually received by the defendant or its representatives that this motion has been filed or relief requested from the Court. None of the papers filed indicate that the defendant has received a copy of the pleadings.

Federal Rule of Civil Procedure 65(b) states in part:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the Court in writing the efforts, if any, which have been made to give the notice and the reason supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

"Reasonable notice" consists of information received within a reasonable time to permit an opportunity to be heard. *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974)

(noting that *ex parte* "temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard"). In this case, none of the pleadings contains facts or reasons "supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b). Nor are there sufficient factual allegations establishing that irreparable harm may result "before the adverse party or that party's attorney can be heard in opposition." *Ibid.*

It does not appear from the pleadings that the ordinance was enacted recently. There is no allegation that the plaintiffs are subject to a change in policy concerning enforcement of the ordinance, or that governmental activity threatens the plaintiffs' existing business activity. The complaint states at most that the plaintiffs desire to start a business selling or renting books and videos that display sexually explicit activity, and that County officials have warned that such an enterprise may violate the established zoning ordinance. A temporary restraining order is an extraordinary remedy that generally is reserved for emergent situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm. *See Hambell v. Alphagraphics Franchising Inc.*, 779 F. Supp. 910, 912-13 (E.D. Mich. 1991). The plaintiffs may well be entitled to equitable relief. On the present record, however, the Court finds that the drastic remedy of granting a temporary restraining order without reasonable notice is not justified.

The Court is mindful that the dispute in this case arises in a business context and, if the plaintiffs' allegations are true, the defendant's alleged conduct could result in damage to the plaintiffs that might be difficult to compute. Moreover, ordinances that purport to regulate the content of speech, even commercial speech, "come to the court bearing a heavy presumption against

their validity." *King Enterprises, Inc. v. Thomas Twp.*, 215 F. Supp. 2d 891, 914 (E.D. Mich. 2002) (quoting *Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 889 (6th Cir.2000)). Such legislation must be narrowly tailored to fulfill a specific and articulable governmental interest. *Id.* at 912 (citing *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n of New York*, 447 U.S. 557, 566 (1980)). The plaintiffs should be allowed an opportunity to demonstrate entitlement to equitable relief pending the ultimate determination of the merits of this case. However, the present record does not justify granting such relief without reasonable notice to the defendant.

III.

Accordingly, it is **ORDERED** that the plaintiffs' motion for a temporary restraining order is **DENIED.**

It is further **ORDERED** that the plaintiff's motion for preliminary injunction is scheduled for a hearing before this Court on **Monday, January 30, 2006** at **9:00 a.m.** The defendant is directed to file a response to the plaintiffs' motion for a preliminary injunction on or before **January 19, 2006.**

The parties, through counsel, are directed to meet and confer on or before **January 23, 2006** for the purpose of discussing and narrowing the issues to be presented to the Court at the motion hearing. On or before the close of business on **January 26, 2006** each party shall submit to the Court and exchange a list of proposed witnesses and exhibits intended to be presented at the hearing together with a summary of each witness' testimony.

It is further **ORDERED** that counsel for the plaintiff shall cause a copy of the complaint and motion papers to be served on the defendant, together with a copy of this order, by the close of business on or before **Friday, January 13, 2006.**

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Dated: January 12, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 12, 2006.

                                    s/Tracy A. Jacobs
                                    TRACY A. JACOBS