UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

_____

**ROBERT BAKER, CYNTHIA LEE BAKER,
and DREAMWORLD, LLC, a Kentucky
Limited Liability Company,**

                                                  Case No. 06-10156

**Plaintiffs,**                                  Hon. David M. Lawson
                                                  Magistrate Charles E. Binder

**v.**

**OGEMAW COUNTY, MICHIGAN,
a Municipal Corporation, and MILLS
TOWNSHIP, MICHIGAN, a Municipal
Corporation,**

**Defendants.**
_____/

### ORDER GRANTING PLAINTIFFS A DECLARATORY JUDGMENT AND PERMANENT INJUNCTION AGAINST OGEMAW COUNTY, AND DISMISSING ALL OTHER REMAINING CLAIMS AGAINST OGEMAW COUNTY, ONLY, WITH PREJUDICE

This matter has come before this Court on Plaintiffs' complaint and amended complaint seeking declaratory, injunctive, and other relief, as well as the Plaintiffs' motion for entry of a preliminary injunction to prohibit, among other things, the enforcement by Ogemaw County of certain provisions of the Ogemaw County Zoning Ordinance ("OCZO") against the Plaintiffs. In particular, Plaintiffs seek to enjoin those aspects of the OCZO which Ogemaw County contends prohibit the Plaintiffs from opening and operating an "adult use," and in particular an "adult bookstore" (as those phrases are defined in the OZCO) on the property identified as 5743 South M-33, Alger, Michigan (the "Premises"). The provisions sought to be enjoined include the definitions of "adult uses," "adult bookstore," "adult live entertainment theater," and "adult motion picture theater" as set forth in § 1.2 of the OZCO; the Special Land Uses provisions contained in

Chapter 19 of the OZCO; and any other provisions of the OCZO incorporated therein (these various provisions of the OZCO, in combination, being referred to hereinafter as the "adult use provisions of the OZCO").

Plaintiffs allege that those provisions of the OCZO represent an impermissible and unenforceable prior restraint upon their speech and expression-related activities in violation of the First and Fourteenth Amendment to the United States Constitution, and seek, among other things, an injunction and declaratory relief with respect to those provisions. Pursuant to the Stipulation of the parties, this Court hereby finds the following facts:

A.  Plaintiffs Robert Baker and Cynthia Lee Baker, husband and wife, own by tenants in the entirety, the Premises, and have entered into an agreement to lease the Premises to Plaintiff Dreamworld, L.L.C. ("Dreamworld"), a Kentucky Limited Liability Company, for the purposes of Dreamworld operating thereon a retail business that will sell, rent, present and/or display to the consenting adult public, a variety of sexually-explicit but non-obscene, adult-oriented expressive materials in the form of books, magazines, films, videos, DVD's, and the like.

B.  The Premises are located in the Agricultural/Rural Preservation ("A/RP") District pursuant to the provisions of the OCZO.

C.  The Premises encompass approximately five acres of land, and include thereon a residence owned by Plaintiffs Robert and Cynthia Lee Baker, and a structure which has been used for approximately the past 45 years as a gas station. For at least the past 25 years, a party/convenience store has also been operated within the structure. Plaintiffs Robert Baker and Cynthia Lee Baker have owned the Premises for approximately 11 years and have operated the gas station and convenience/party store thereon during that time.

D.  The Premises are not located within a 1000 foot radius of any other adult use, as measured from the nearest part of each lot line.

E.  The Premises are not located within 1000 feet of any school, church, park, or residential structure, with the exception of the home of the Bakers located upon the Premises, as measured from the nearest part of each lot line.

F.  Pursuant to the adult use provisions of the OCZO, the Bakers cannot begin to operate an adult use upon the Premises without first obtaining a Special Land Use ("S.L.U.") approval by the Ogemaw County Planning Commission ("Commission") in accordance with Chapter 19 of the OCZO.

Having considered the above facts, the pleadings, the Plaintiffs' motion and supporting brief, and those matters stipulated to by the Parties, including the entry of the form and content of this order, this Court rules as follows:

IT IS HEREBY ORDERED that a permanent injunction is hereby entered against Ogemaw County, precluding it from enforcing the adult use provisions of the OCZO against the Plaintiffs, only, and only with regard to the operation by the Plaintiffs of an adult use upon the Premises.

IT IS FURTHER ORDERED that Defendant Ogemaw County is hereby permanently enjoined from precluding Plaintiffs from opening and operating an "adult use[]," and in particular an "adult bookstore" (as those phrases are currently defined in the OCZO), upon the Premises, subject to the further provisions of this order.

IT IS FURTHER ORDERED that this Court hereby declares that the operation upon the Premises by Plaintiffs Robert Baker and Cynthia Lee Baker of an adult use, and in particular an adult bookstore, as those phrases are currently defined in the OCZO, is a lawful conforming use upon that property pursuant to the terms of the OCZO, and that such a ruling is effective as of the

date of the Court's hearing on the Plaintiffs' request for a preliminary injunction, that being January 30, 2006.

IT IS FURTHER ORDERED that should Ogemaw County enact, subsequent to January 30, 2006, any further zoning, licensing, or regulatory provisions of adult uses, as that phrase is currently defined in the OCZO, or which would apply to the contemplated use by Plaintiffs Robert Baker and Cynthia Lee Baker of the Premises, which thereby render the Bakers' use or contemplated use a lawful, non-conforming use, the Plaintiffs shall nevertheless be permitted to expand the size and footprint of the structure on the Premises housing or to house the use, or of any new construction to house that use in the future, to not greater than 2000 square feet in total, irrespective of anything contained in the OCZO or Michigan statutory law to the contrary.  All new construction and all renovations and/or additions to the structure located on the Premises shall be undertaken in full compliance with all applicable building, plumbing, and electrical codes, and nothing herein shall absolve Plaintiffs from being required to obtain any and all necessary building, plumbing, and/or electrical permits.

IT IS FURTHER ORDERED that the Plaintiffs shall not permit the display or exhibition of live nude or semi-nude ("topless") entertainment upon the Premises, and that so long as an adult use is operated on the Premises, the Plaintiffs shall not seek the issuance of any form of liquor license for the Premises, and shall not permit the sale, distribution or consumption of any alcoholic beverages upon the Premises.

IT IS FURTHER ORDERED that so long as an adult use is operated upon the Premises, all signage on the Premises for that business shall display words and numbers only, and that there shall be no pictorial depictions of any kind contained in such signage.

IT IS FURTHER ORDERED that so long as an adult use is operated upon the Premises, all

customer parking shall be visible from the roadway and that no privacy fencing shall be erected to preclude such view.

IT IS FURTHER ORDERED that so long as an adult use is operated upon the Premises, no other form of business shall be operated thereon which shall directly cater to children.

IT IS FURTHER ORDERED that, subject to future rulings by this Court in this action, this order shall in no way abrogate any requirement of Mills Township which the Plaintiffs might have to satisfy as a condition and/or pre-condition to opening the business to be owned and operated by Plaintiffs Robert Baker and Cynthia Lee Baker upon the Premises.

IT IS FURTHER ORDERED that this order shall not in any way be construed to permit the Plaintiffs to display, sell, or rent legally obscene materials upon the Premises.

IT IS FURTHER ORDERED that the terms of this order shall be binding upon the parties, as well as their successors in interest.

IT IS FURTHER ORDERED that Plaintiffs' claims for damages, costs, and/or attorney fees from and against Ogemaw County, only, as contained in the first amended complaint on file with this Court, be and the same are hereby dismissed with prejudice and without an award of costs or attorney fees to any party, and that, subject to the enforcement of this order, Ogemaw County is dismissed from this action.

                                        s/David M. Lawson
                                        DAVID M. LAWSON
                                        United States District Judge

Dated: February 28, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 28, 2006.

                        s/Tracy A. Jacobs
                        TRACY A. JACOBS